UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————

ROBERT L. HOLLAND, SR.,

        Plaintiff,

v.                                          Case No. 09-CV-454

CITY OF MILWAUKEE,
STATE OF WISCONSIN, and
JACQUELINE BROWN HOLLAND,

        Defendants.

———————————————————————————

## ORDER

Plaintiff Robert Holland, Sr. ("Holland") files a pro se lawsuit alleging eleven largely unrelated claims, ranging from discrimination by a United States District Judge to an unfair child support order to insurance fraud. In connection with his complaint, Holland also files a motion for leave to proceed in forma pauperis (IFP). The court now considers Holland's request and issues a sua sponte dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolousness and failure to state a claim.

Any party instituting a non-habeas civil action, suit or proceeding in a district court of the United States must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). However, a court may authorize a party to proceed IFP, which allows the party to prosecute his suit "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for such treatment, a party must assert that he is both unable to pay the required fees and that he is entitled to redress. *See id.*

Holland has adequately demonstrated an inability to pay the required costs and fees. He filed an affidavit asserting that he is currently unemployed and has four dependent children. Holland also affirms that his monthly expenses exceed his monthly income. On the basis of these filings, the court determines that Holland qualifies for IFP treatment. However, this is not the end of the court's inquiry.

The court must also look at the content of Holland's complaint. When reviewing a petition to proceed IFP, the court must evaluate the plaintiff's claims and dismiss any which are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); *Alston v. Debruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994). A court will determine that a claim is frivolous under § 1915(e)(2)(I) when the claim lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court determines whether a plaintiff's complaint fails to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) by applying the same standard used to review a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Using this standard, the court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Dismissal under the standard is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Holland asserts an assortment of claims[1] against the State of Wisconsin, the City of Milwaukee, and his estranged wife, Jacqueline Brown Holland, arising from events that occurred over the "past 20 years." (Pl.'s Compl. 3). Holland's claims constitute assertions that his civil rights were violated by each of the following facts and incidents: 1) United States District Judge Rudolph Randa's dismissal of a case filed by the plaintiff in 1999; 2) state-ordered child support and the state's attempt to incarcerate the plaintiff for failure to pay[2]; 3) state issuance of a restraining order against the plaintiff when he was "only trying to get [his] belongings back"; 4) failure by the City of Milwaukee and State of Wisconsin to ensure the return of the plaintiff's car, which was stolen and then towed; 5) having been issued $600 in traffic tickets; 6) citations issued by the City of Milwaukee in retaliation for the plaintiff's filing of a claim for damage done to his stereo when his sister's home was raided by the City; 7) harassment by police officers in pulling the plaintiff over repeatedly and having his vehicle towed; 8) harassment by city officials in targeting his home for citations; 9) discrimination exhibited in the State's attempt to incarcerate the plaintiff while a white alderman who "put a man in a comma [sic]" had his case dismissed; 10)[3] the City's failure to hire the plaintiff, the erasure of his prescription records from a pharmacy,

---

[1] Holland labels the numbered allegations in his complaint as "exhibits," however, he filed no additional documents and the court interprets his use of the term to mean "claim."

[2] The circumstances surrounding the State of Wisconsin's attempts to incarcerate Holland regarding child support issues are unclear. Holland asserts that the State tried to incarcerate him for "having and trying to raise a family." (Pl.'s Compl. 4).

[3] Holland combines his last four assertions under the heading "My Tenth and Eleventh Exhibit."

which prevented him from filing a Vioxx claim, fraud by his insurance company, and citations received for "driving while black in Wisconsin." (Pl.'s Compl. 5).

However, none of Holland's federal claims survive the court's review because they are either frivolous or fail to state a claim on which relief may be granted. First, Holland fails to state a claim upon which relief may be granted regarding his allegations that U.S. District Judge Randa acted in a racist manner when he dismissed Holland's 1999 civil case. As an initial matter, Holland does not name Judge Randa as a defendant. In addition, even if he named Judge Randa as a defendant, the judge is entitled to judicial immunity. Judges are not liable in civil actions for their judicial acts unless they act in the clear absence of jurisdiction, even if the action was done in error, maliciously, or in excess of the judge's authority. *Brokaw v. Mercer County*, 235 F.3d 100, 1015 (7th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Judicial immunity even applies to claims brought under 42 U.S.C. § 1983. *Eades v. Sterlinske*, 810 F.2d 723, 725 (7th Cir. 1987) (citing *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967)). In the instant case, there is no indication that Judge Randa's actions in dismissing Holland's case were outside of those normally performed by a judge or were undertaken in the "clear absence" of jurisdiction. Thus, judicial immunity applies.

Similarly, Holland's claims against the State of Wisconsin (all or part of claims two, three, four, five, and nine) fail because the state is immune from suit. The Eleventh Amendment to the United States Constitution provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or

-4-

equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign States." Despite the wording of the Amendment, the United States Supreme Court holds that a non-consenting state is immune from suits by both citizens of other states as well as from suits by its own citizens. *E.g., Tennessee Student Assistance Corp v. Hood,* 541 U.S. 440, 446 (2004). Thus, as a private citizen, Holland cannot bring suit against the State of Wisconsin. The court does note, however, that three exceptions to such immunity exist. *Peirick v. Ind. University-Purdue Univ. Indianapolis Ath. Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). These exceptions apply when a plaintiff files suit against state officials seeking prospective equitable relief for ongoing violations of federal law, when a state waives its immunity by consenting to suit, and when Congress abrogates the state's immunity through a valid exercise of its powers. *Id.* Holland has not named any Wisconsin state officials as defendants and there is no indication that either of the other two exceptions applies to his claims.

Next, the court addresses Holland's claims against the City of Milwaukee. When the court liberally construes Holland's complaint, these claims include his fifth claim regarding the City's discriminatory act of issuing $600 worth of traffic tickets to Holland, his sixth claim regarding damage done to his stereo by the City during a raid, his seventh and eighth claims alleging that he was targeted for harassment and citations by the City because he filed a claim for his stereo, his ninth claim regarding the City's attempts to incarcerate him while not incarcerating a white

-5-

alderman, and his tenth and eleventh claims regarding the City's refusal to hire him and alleging that he was issued traffic tickets for "driving while black in Wisconsin."[4]

However, Holland's remaining claims are also frivolous or fail to state a claim. In claim five, Holland merely asserts that he was issued $600 worth of citations, despite having a driver's license. This statement does not constitute a cognizable claim because a license does not protect an individual from the consequences of violating a traffic law or City ordinance. Although Holland precedes his assertion with the sentence, "My fifth exhibit shows the racism and discrimination that African American males face," he does not claim that he was issued baseless citations or that he was selectively issued citations because of his race. Thus, he fails to state a claim.

Holland's sixth claim regarding property damage to his stereo during a raid by the City may be construed as a 42 U.S.C. § 1983 claim for a violation of the Fourteenth Amendment's prohibition on state officials depriving "any person of life, liberty, or property without due process of law." To establish deprivation of property without due process caused by a state employee's random, unauthorized conduct, a plaintiff must show: (1) that the offending actions were taken by someone acting under the color of state law; (2) that the conduct deprived him of a constitutionally protected property interest; and (3) the alleged deprivation occurred without due

---

[4] Holland's tenth and eleventh claims also include allegations that his pharmacy records were erased and that he was defrauded by an insurance company. However, Holland names only the State of Wisconsin, the City of Milwaukee, and his wife as defendants. The court finds that Holland fails to state a claim regarding these fraud allegations because he provides no explanation beyond the assertions mentioned above and does not name any pharmacy or insurance company as a defendant.

process of law. *See Germano v. Winnebago County*, 403 F.3d 926, 927 (7th Cir. 2005). A plaintiff fails to establish the third element when there are adequate state remedies to satisfy the requirements of due process. *See id.* at 929; *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Holland cannot establish this third element because Wisconsin law provides tort remedies to individuals whose property has been converted or damaged. *See* Wis. Stat. § 893.51. When state law provides an adequate post-deprivation remedy for redressing property damage, due process has been satisfied. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Here, Holland's complaint does not indicate that his stereo was damaged pursuant to an authorized procedure or that he pursued state tort remedies. Therefore, a due process claim based on damage to Holland's stereo fails.

Holland's seventh and eighth claims suggest that he was singled out by the City for traffic stops and citations (perhaps in retaliation for his filing of a claim with the City regarding damage to his stereo – this point is unclear). Construed liberally, these assertions may raise an equal protection claim under the Fourteenth Amendment. Equal protection claims involve charges that members of a vulnerable group were singled out for unequal treatment or charges that a law or policy makes irrational distinctions between groups. *Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir. 1995). Though difficult to prove, a plaintiff may bring an equal protection claim as a "class of one." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). An equal protection claim of this kind may be brought where: 1) the plaintiff alleges

that he has been intentionally treated differently from others similarly situated; and 2) there is no rational basis for the difference in treatment or the cause of the differential treatment is a "totally illegitimate animus" toward the plaintiff by the defendant. *Id.* Holland does not allege in these claims that he was singled out based on his race, he merely alleges that he was singled out in general, or that he was singled out because he filed a claim with the City. Therefore, any equal protection claim alleges only that he is a "class of one," irrationally targeted for traffic stops and citations. However, he fails to establish that he was treated differently than others similarly situated because he does not point to any "similarly-situated" person or allege that he was issued citations by the City for reasons of a personal nature unrelated to the City's legitimate enforcement activities. Thus, his claim is legally frivolous.

Holland's ninth claim fails to state a claim upon which relief may be granted in alleging that the City tried or did "put him behind bars" while a white alderman who "put a man in a coma" had his case dropped. However, the presumption about criminal prosecutions is that they are undertaken in good faith and without discriminatory purpose. *United States v. Falk*, 479 F.2d 616, 620 (7th Cir. 1973). To overcome this presumption, a plaintiff must prove that the decision to prosecute him was based on an impermissible consideration, such as race, religion, or an attempt to penalize exercise of his constitutional rights. *United States v. Niemiec*, 611 F.2d 1207, 1209 (7th Cir. 1980). Holland fails to allege any impermissible basis for his prosecution. Holland's statement that charges against a white individual were

dropped, while charges against him for unrelated conduct were not, is insufficient to state a claim.

Holland's final claims, claims Ten and Eleven, similarly fail to avoid frivolousness or to present a claim upon which relief may be granted. Holland first asserts that he was not hired by the City, without providing any further detail or allegation. However, the bare fact that an employer does not hire an applicant does not give rise to a legal claim. Holland next asserts that he was issued citations for "driving while black in Wisconsin," which may suggest that he was selectively pulled over and issued traffic citations because he is African-American, though he does not explicitly state such a claim. Even if Holland's assertion is construed as a § 1983 claim, he fails to plead the necessary elements to establish such a claim. Municipalities and other local government units are subject to § 1983 suits, however, they are only responsible for deprivation of rights pursuant to their own policies and customs, and are not otherwise answerable for the torts of their employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Municipalities can only be sued under § 1983: 1) for an express policy that causes a constitutional deprivation; 2) for a widespread practice that, although not authorized by written law or express municipal policy, causes a constitutional deprivation and is so permanent and well settled as to the constitute a custom and usage with the force of law; or 3) for an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994). Holland fails to assert any type of policy or custom of depriving

individuals of their constitutional rights by the City of Milwaukee in its issuance of citations.

Holland's only remaining claims are those against his estranged wife, Jacqueline Brown Holland. However, the court does not have subject matter jurisdiction over these claims and declines to exercise supplemental jurisdiction. Federal courts are courts of limited jurisdiction and may only exercise jurisdiction in a case when that jurisdiction is "specifically authorized by statute." *Newell Operating Co., v. Int'l Union of United Auto., Aero., & Agric., Implement Workers of Am.*, 532 F.3d 583, 587 (7th Cir. 2008). However, Holland cannot establish jurisdiction under § 1331 because his claims against Mrs. Holland do not arise under any federal laws, treaties, or the United States Constitution. *Jogi v. Voges*, 480 F.3d 822, 825 (7th Cir. 2007). Instead, Holland's claims against his wife seem to allege that his state child support order is unfair and that Mrs. Holland's attempts to enforce the order lead to "extreme mental, physical, and emotional distress." (Pl.'s Compl. 4). These assertions do not constitute a federal claim and, if anything, allege a state law claim. Additionally, Holland cannot establish jurisdiction under § 1332 because he does not demonstrate that he and his wife are citizens of different states and that the amount in controversy exceeds $75,000. On the contrary, Holland's complaint suggests that both he and his family reside within the state of Wisconsin. The Federal Rules of Civil Procedure require a court to dismiss an action if the court "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Holland fails to state any valid federal claims and the court lacks subject matter jurisdiction over

-10-

Case 2:09-cv-00454-JPS   Filed 06/25/09   Page 10 of 11   Document 3

his remaining claims. Even if he did state a valid federal claim, his claims against Mrs. Holland are unrelated to any of his asserted federal claims and the court would decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999) (noting that district courts have discretion to refuse jurisdiction over state law claims). Therefore, the court will dismiss Holland's action in its entirety.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the case is hereby **DISMISSED without prejudice**.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2009.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge